In the Matter of the Estate of JAMES F. DOUGLAS, Deceased.

Surrogate's Court, Westchester County, February 21, 1941.

*Greene & Greene* [*Francis W. Greene* of counsel], for the First National Bank and Trust Company of Ossining, as successor trustee, etc., petitioner.

*Townley, Updike & Carter* [*Carl S. Forsythe* of counsel], for David John Rankin, as administrator, etc., of Edith Douglas, deceased.

*John P. Powers*, special guardian.

MILLARD, S. In this accounting proceeding the court is called upon to determine one of the many questions which are arising with ever-increasing frequency with respect to the application of section 17-c of the Personal Property Law.

In December of the year 1935 the former trustee herein accepted a deed in lieu of foreclosure to certain real property covered by a mortgage in the sum of $25,000, owned·by the trust estate. Total salvage costs amount to approximately $3,167.78. By decree dated November 5, 1937, the account of the former trustee was judicially settled. He was permitted to resign and the successor trustee, the present accountant, was appointed in his place. During the early part of the year 1938 the first life beneficiary of this trust petitioned the court for an order directing the successor trustee to pay over to her the income realized from the real property in question. At that time this court held that the rules enunciated in *Matter of Chapal* (269 N. Y. 464) and *Matter of Otis* (276 id. 101) were applicable, and that the trustees should first reimburse the principal account for repossession costs, repairs, taxes and other carrying charges before making any payment to this life beneficiary. (*Matter of Douglas*, April 15, 1938 [not officially reported].)

This life beneficiary died on June 19, 1940. Her legal representative claims upon this accounting that her estate is entitled (1) " to the entire net income derived from the real property from the date of acquisition by the trustee, by conveyance in lieu of foreclosure, or (2) in any event to the balance of the net income in the hands of the successor trustee as of the date of the life tenant's death."

In reading section 17-c of the Personal Property Law together with the note of the Commission appended thereto, it is quite apparent that the Legislature intended its provisions to be retroactive in so far as possible. Its enactment was sought not only to overcome the cumbersome rules laid down in *Matter of Chapal* and *Matter of Otis* (*supra*), but to provide the life beneficiary with a stated amount of income during his or her lifetime. The note of the Commission appended to the statutory enactment states in part as follows: " The amendment provides for the immediate payment of income to the life tenant beginning with the date of the acquisition of the property by the trustee for foreclosure or conveyance in lieu of foreclosure. Under the new provisions net income up to three per centum of the face amount of the mortgage is so payable. Under the *Chapal-Otis* rules the life tenant is entitled in the final apportionment to the inclusion of interest at the mortgage rate during the period of the salvage operation."

Between November 5, 1937, the date of the decree settling the account of the former trustee, and June 19, 1940, the date of death of the life beneficiary, she received only the sum of $566.18.

The account filed shows a balance of income on hand at the date of the death of the life tenant in the sum of $1,352.95, which sum does not equal three per cent of the original mortgage investment from the date of the decree settling the account of the former trustee. In view of the express language of section 17-c of the Personal Property Law, and bearing in mind the purpose of the enactment of that statute, I hold that the administrator of the estate of Edith Douglas is entitled to receive the balance of net income on hand at the date of her death.

Settle decree accordingly.